NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARNOLDO ROJERO,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5111

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-670, Senior Judge James F. Merow.

---

## ON MOTION

---

Before BRYSON, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## O R D E R

Arnoldo Rojero moves for a "stay or injunction." The United States responds to this court's August 22, 2011 order to show cause why this appeal should not be dismissed. Rojero has not responded.

Rojero, who is currently serving a 264-month sentence at a Federal Correctional Institution in Texas, brought a complaint in the United States Court of Federal Claims, asserting a variety of grievances against prison officials, unlawful imprisonment, and a wrongful death claim involving relatives. Although the Court of Federal Claims initially dismissed his complaint for lack of jurisdiction, it reconsidered the matter, and on June 27, 2011 issued an order transferring the matter pursuant to 28 U.S.C. § 1631 to the United States District Court for the Northern District of Texas. Rojero has appealed that ruling to this court and has also filed a motion seeking injunctive relief.

As this case involves an order transferring the case from the Court of Federal Claims to district court, this is not an appeal of a final judgment pursuant to 28 U.S.C. § 1291; nor does it meet the requirements of 28 U.S.C. § 1292(d)(4)(A), which allows an appeal to this court of a district court's order transferring a case to the Court of Federal Claims, but not vice versa.

Rojero's appeal also does not appear to meet the criteria for a collateral order appeal under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), namely, whether the order (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978). The jurisdictional issue, whether the Court of Federal Claims or the district court might have jurisdiction over Rojero's complaint, could be effectively reviewed upon any appeal from a final judgment.

For the same reason, Rojero cannot meet the exacting requirements for a writ of mandamus, which require him to demonstrate he has no alternative means of obtaining the relief requested and that the trial court clearly abused

its discretion. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989).

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All pending motions are moot.

FOR THE COURT

NOV 1 4 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Arnoldo Rojero
     Alexander V. Sverdlov, Esq.

s19

Issued As A Mandate:  NOV 1 4 2011

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 1 4 2011

JAN HORBALY
CLERK